IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARILIA BADILLO FELICIANO<br><br>PLAINTIFF<br><br>V.<br><br>QSR CHAMPS, INC.; EL MESON DE FELIPE, INC. d/b/a EL MESON SANDWICHES; ABC INSURANCE COMPANY, JANE DOE, JOE DOE;<br><br>DEFENDANTS | CIVIL NO:<br><br>AMERICAN WITH DISABILITIES ACT; DISCRIMINATION; RETALIATION; UNJUST DISCHARGE<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** the Plaintiff, MARILIA BADILLO FELICIANO, through her undersigned attorney and respectfully **STATES** and **PRAYS**:

### I. JURISDICTION

1. The facts set forth in this complaint constitute violations of Plaintiff's employment rights protected by American with Disabilities Act (ADA) and American with Disabilities Act Amendments Act (ADAA).

2. This Honorable Court has original jurisdiction over this civil action pursuant 28 USC § 1331; Titles III and V of the ADA, 42 USC §12182, et seq.; 42 USC §12203.

3. Furthermore, pursuant to 42 U.S.C. § 1367(a), this Honorable Court has supplemental jurisdiction over the pendent claims raised herein by the Plaintiffs, under the following Puerto Rico statutes and provisions: Law No. 115 of December 20, 1991, 29 LPRA §§194 et seq., Law No. 100 of June 30, 1959, 29 L.P.R.A. § 146, and Law 80 of May 30, 1976, 29 LPRA §§185 et seq., since they are related to the aforestated Federal claims and they all form part of the same case or controversy under Article III of the Constitution of the United States of America.

4. Venue is proper in this district pursuant to 28 USC §1391(b)(1) and (2), because the discriminatory employment practices alleged in the complaint occurred in Puerto Rico.

5. The Plaintiff, Marilia Badillo, timely filed a charge of employment discrimination with the Anti-Discrimination Unit of the Equal Employment Opportunity Commission on May 2, 2013, hereinafter "EEOC". The Right to Sue letter from the EEOC was mailed on January 21st, 2015. Therefore, this lawsuit is being filed within ninety (90) days of the date of issuance of the Right to Sue Letter.

## II. PARTIES

6. Plaintiff, Marilia Badillo Feliciano (Badillo), is of legal age, married and residents of Isabela, Puerto Rico.

7. At all times relevant to the allegations stated herein, Badillo was an employee of the El Mesón Sandwiches, within the meaning of the applicable

2

statutes, and worked for the Defendants as a service representative, a position which she held since approximately 2007.

8. Defendants, QSR Champs, Inc., El Meson de Felipe, Inc. d/b/a El Meson Sandwiches, hereinafter referred to collectively as El Mesón, are an "employer" within the meaning of the applicable statutes, which employed more than 600 regular employees in more than 30 restaurants around Puerto Rico.

9. Defendants El Mesón, are legal entities that at all times relevant to the allegations stated herein were Badillo's employers, with capacity to sue and be sued. El Mesón has its principal offices in Mayaguez, Puerto Rico.

10. The unknown defendants are included as such, since at this time, Plaintiff does not know their identity. As soon as the identity of said defendants is known, the complaint will be amended to include them as named defendants in the captioned case.

### III. FACTS COMMON TO ALL CAUSES OF ACTION

11. Badillo, began working for El Mesón approximately eight (8) years ago as a customer representative in the Aguadilla Borinquen restaurant. Her base salary was $7.25 per hour.

12. On or around June 2009, Badillo suffered an accident in front of the freezer of El Mesón since there was a desperfection in the freezer and there was water on the floor. As a consequence of said accident, she attended to the State Insurance Fund to receive treatment.

3

13. Afterwards, on January 16, 2011, Badillo fell again at El Mesón due to a flood that occurred at the restaurant.

14. As a consequence of the above-mentioned accidents, Badillo was diagnosed by the State Insurance Fund with Lumbar myositis, lumbar sprain, L4-L5 bulging, among others. She also suffered a hip fracture.

15. As a consequence of the above-mentioned conditions, the doctors at the State Insurance Fund ordered her the use of a walking stick to assist her in walking and balance.

15. Several months after the second accident, specifically 2011, Badillo returned to work at El Mesón. She was performing all the duties required in her position with the walking stick.

16. On March 20, 2013, Badillo requested reasonable accommodation, as recommended by her doctor in the State Insurance Fund, informing that due to her disability, she could not stay long hours standing up or in constant movement. As reasonable accommodation, Badillo was requesting the use of a chair in her work area.

17. On March 25, 2013, Badillo attended her work at the restaurant and Carlos González, a new manager assistant, informed her that he could not have her working with a walking stick because it was a danger to him and the other employees. When she informed him that she had been working with the walking stick with other managers, he answered that she will not work with him like that and that he will have to hire another employee to replace her and

4

ordered her to go to the State Insurance Fund to inform that she was in pain. El Mesón actions were in retaliation for requesting reasonable accommodation. Badillo worked at the restaurant for approximately two (2) years with the walking stick and no other manager informed her of any problem until she requested reasonable accommodation.

18. Badillo informed him that what she was requesting her was fraud and illegal because she had no pain.  However, he completed the State Insurance Fund document and ordered to leave her work.

19. When she arrived at the State Insurance Fund, she informed the truth of what had happened and the employee informed her that she was going to submit the case to the fraud division.  The State Insurance Fund gave Badillo a document to deliver to El Mesón.

20. On March 31, 2013, Badillo delivered the document to El Mesón and the administrative officers of the restaurant ask her if she really needed the walking stick, that having her working with the walking stick was a danger and that they had no work for her because her working hours were distributed among the other employees.

21. Badillo felt humiliated, discriminated because of her disability and had no other option that to resign to her position on April 2, 2013.  In her resignation letter, Badillo explained that she has been humiliated, offended and ridiculed because of her disability, which has affected her emotionally.

## IV.   CAUSES OF ACTION

### First Cause of Action-ADA and ADAA

22.   Plaintiff repeat, reiterate and re-allege each and every allegation contained in the preceding paragraphs as if set forth in full herein.

23.   This First Cause of Action arises under ADA and ADAA.

24.   Defendants, its agents and/or employees, by their conduct herein alleged, intentionally, willfully and without justification, deprived Plaintiff of her rights, privileges and immunities secured by the ADA and ADAA, and the laws of the United States, particularly her right to be free from discrimination based on her disability in the work place.  Defendants unlawfully discriminated against Plaintiff Badillo with respect to the terms, conditions and privileges of employment because of her disability, in violation of ADA and ADAA.

25.   Furthermore, Defendants engaged in the unlawful employment practices in question with malice or reckless indifference to the Federally and State protected rights of the Plaintiff.

26.   Hence, pursuant to ADA and ADAA, Plaintiff is entitled to receive an award for punitive damages, which will serve as punishment and deterrence for such unlawful employment practices.

27. In addition, pursuant to 42 U.S.C. § 2000E-5(k), Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920, Plaintiff is entitled to the costs to be incurred in this suit, plus reasonable attorney's fees.

28. As a direct result of the aforementioned unlawful age discrimination, harassment, hostile environment and retaliation Badillo has suffered severe mental, psychological, moral and emotional pain, anguish and distress, has sustained a loss of happiness, and a loss of the capacity to enjoy life. Plaintiff is entitled to receive, as a just and fair compensation for the aforestated damages, the maximum compensatory amount allowed by ADA.

29. Therefore, Plaintiff demands that Judgment be entered in her favor and against the defendants, granting her the amount of $1,000,000.00 in compensatory and punitive damages, plus a reasonable amount of attorney's fees, the costs of this action, and pre-judgment and post judgment interest, and any other further relief as is just under the circumstances.

**Second Cause of Action-Puerto Rico Antidiscrimination Statutes**

30. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 29, as if set forth in full herein.

31. The actions and omissions of all defendants constitute age discrimination, harassment and retaliation in violation of law 100 and law 115, which require the employer to provide a work environment free of discrimination because a disability and harassment and which prohibit retaliation against employees, for which the Plaintiff is entitled to equitable relief, as well as compensatory damages and back pay, a doubling of the aforementioned amounts, costs and attorneys fees, and equitable relief.

32. As a direct result of the aforementioned unlawful age discrimination, Plaintiff suffered severe mental, psychological, moral and emotional pain, anguish and distress, has sustained a loss of happiness, and a loss of the capacity to enjoy life.

33. Therefore, Plaintiff demands that Judgment be entered in her favor and against the Defendants, granting her twice the amount of $1,000,000.00 for compensatory and punitive damages and a reasonable amount in attorney's fees.

### Third Cause of Action-Law 80- Unjust Discharge

34. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 33, as if set forth in full herein.

35. Badillo was constructively discharged from her employment at El Mesón due to the hostile environment, humiliations, offensive behavior against her in retaliation for her request for reasonable accommodation.

36. Badillo had no option than to resign since the above-described situation was causing her tremendous emotional distress, anxiety and depression.

37. Therefore, Plaintiff demands that Judgment be entered in her favor and against the Defendants granting her all the remedies under Puerto Rico Law 80.

38. Plaintiffs demand trial by jury.

## V.  RELIEF SOUGHT

**WHEREFORE,** all premises considered, Plaintiff demands that Judgment be entered by this Honorable Court in favor of Plaintiff and against the Defendants, jointly, for all relief prayed herein, granting all the sums requested; imposing the payment of all costs and expenses unto Defendants, granting Plaintiffs any other relief they may be entitled as a matter of law, and awarding the Plaintiffs pre-judgment and post judgment interest, plus a reasonable amount for attorney's fees.

**RESPECTFULLY SUBMITTED**, on this the 20th day of April, 2015.

*S/Michelle Pirallo-Di Cristina*
**MICHELLE PIRALLO-DI CRISTINA**
USDC-PR-214903
P.O. BOX 192321
SAN JUAN, PUERTO RICO 00919-2321
TEL: 787-777-3377 Fax: 787-724-8756
EMAIL:  mpirallo@gmail.com